UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RALPHAEL BERNARD WILLIAMS,

Petitioner,

v.  4:10-cv-238
 4:06-cr-128

UNITED STATES OF AMERICA,

Respondent.

## ORDER

Before the Court is Ralphael Williams's Motion to Reconsider. ECF No. 18. Williams asserts that the Court's January 22, 2013 Order failed to consider the Federal Rule of Civil Procedure 60(b)(4) claim Williams raised in his reply to the government's response to his Rule 60(b)(5) and (6) motion. *Id.* at 1. Regardless of the merits of Williams's claim, he failed to file his 60(b) motion in a reasonable time and makes no showing now to disprove that conclusion. The Court accordingly **DENIES** Williams's motion for reconsideration.

On November 13, 2012, Williams sought relief under Rule 60(b) from this Court's November 4, 2010 denial of his 28 U.S.C. § 2255 motion.[1] *See* ECF No. 11. Williams never filed a direct appeal from the § 2255 judgment; never sought a certificate of appealability from this Court or the Eleventh Circuit; and never filed a direct appeal from the denial of his first Rule 60(b) motion, which this Court treated as a second or successive habeas petition in February of 2011. *See* ECF No. 117, No. 4:06-cr-128. This Court then denied his 60(b) motion on January 22 as untimely; for failing to demonstrate exceptional circumstances justifying relief under 60(b)(6); and because 60(b)(5) did not apply. ECF No. 15 at 1-2.

Rule 60(c)(1) requires that "[a] motion under Rule 60(b) . . . be made within a reasonable time . . . after the entry of judgment." Williams delay, however, was unreasonable. As noted above, and in this Court's January 22 order, he utterly failed "to pursue redress in the regular avenues available to him." ECF No. 15 at 1-2. Moreover, Williams waited more than two years after the denial of his original § 2255 petition to file the 60(b) motion whose denial Williams asks the Court to reconsider.

Williams in no sense sought Rule 60(b) relief in a timely fashion. More importantly, the current motion fails to identify a clear error in the Court's denial of Williams's 60(b) motion on timeliness grounds. The Court therefore **DENIES** Williams' motion for reconsideration.[2]

This 13 day of February 2013.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The government conceded that Williams's motion amounted to a "true" Rule 60(b) motion—not a second or successive habeas petition—in its response to the motion. *See* ECF No. 12.

[2] The Court also certifies that any appeal from this Order would be frivolous and not taken in good faith. *See* 28 U.S.C. §1915(a)(3). Williams should accordingly be **DENIED** in forma pauperis status on any appeal.